# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-731 NAB |
| | ) |
| TYLER JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a motion by defendant Tyler Johnson titled "Notice of Removal of State Prosecution." For the reasons discussed below, defendant's request to remove his ongoing criminal action from Jefferson County Court must be denied, and this action will be remanded to the Court from which it was removed.

## Background

Defendant is a pro se litigant currently awaiting trial in Jefferson County Court on the charges of two counts of robbery in the first degree and two counts of armed criminal action. *See State v. Johnson,* No. 17JE-CR02543-01 (23rd Judicial Circuit, Jefferson County Court). Defendant is currently incarcerated at the Jefferson County Jail.

## Defendant's Action

The action presently before the Court is titled Notice of Removal of State Prosecution." Defendant indicates that he is bringing the present action pursuant to 28 U.S.C. § 1443. He states his rights under the 4th, 6th, 8th and 14th Amendments have been violated. Defendant also asserts that his speedy trial, due process, interstate detainer, confrontation of witnesses, Brady doctrine,

and racial discrimination laws have been violated. However, defendant does not indicate who has violated these rights.

Defendant does indicate that a "crooked cop" named James Jones purportedly "manufactured evidence" against him and allegedly "coerced witnesses." Defendant believes that Mr. Jones was racially motivated.

A review of the Information filed in *State v. Johnson,* No. 17JE-CR02543-01 (23rd Judicial Circuit, Jefferson County Court), shows that defendant's criminal charges relate to the following:

> That the defendant, in violation of Section 570.023, RSMo, committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011, RSMo, in that on or about November 7, 2017, in the county of Jefferson, State of Missouri, the defendant forcibly stole US currency in the possession of Shannon Warner, and in the course thereof defendant was armed with a deadly weapon.
>
> That the defendant, in violation of Section 571.015, RSMo, committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, RSMo, in that on or about November 7, 2017, in the county of Jefferson, State of Missouri, the defendant committed the felony of Robbery First Degree charged in Count I all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of Robbery First Degree by, with and through, the knowing use, assistance and aid of a deadly weapon.

### Discussion

In this action, defendant seeks removal of his state criminal case to federal court. For the reasons discussed below, the Court will deny the petition for removal.

**A. Removal**

Generally, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). The statute providing for removal that is implicated in this case provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Meanwhile, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

Although defendant generally asserts that the police officer who arrested him was "corrupt" and "racially motivated" he has not alleged that the court system in Jefferson County cannot enforce the equal rights of its citizens or that the Jefferson County Court is somehow racially motivated. "Removal jurisdiction under § 1443(1) is very limited. Generally, 'the vindication of the defendant's federal rights is left to the state courts.'" *Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D.Minn. Dec. 11, 2012) (quoting *City of Greenwood v. Peacock,* 384 U.S. 808, 828 (1966)). In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal [defendant] arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the

removal [defendant] is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quotations omitted).

Defendant's allegations do not meet the requisite prongs set forth in *Johnson*. In this case, defendant's allegations relate only to his altercations with the police and do not relate to his involvement with his court-appointed counsel or the prosecutor or the court. He has not alleged, moreover, that the purported rights denied to him arise under specific civil rights laws. Additionally, defendant has not alleged that he can only enforce his rights within the confines of the federal court. Thus, § 1443(1) is inapplicable. Second, there is no indication whatsoever that defendant is a federal officer or person assisting a federal officer in the performance of official duties. Therefore, § 1443(2) is inapplicable.

**Conclusion**

Defendant, who is seeking leave to proceed in forma pauperis in this Court, filed a pro se request for removal of a criminal action from Jefferson County Court. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands this matter to Jefferson County Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall change the docket to *State of Missouri v. Johnson*, to reflect the style of the State Court docket from which it was removed. *State v. Johnson*, No. 17JE-CR02543-01 (23rd Judicial Circuit, Jefferson County Court).

**IT IS FURTHER ORDERED** that defendant's motion to proceed in forma pauperis [ECF No. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED back to Jefferson County Court**. *State v. Johnson*, No. 17JE-CR02543-01 (23rd Judicial Circuit, Jefferson County Court).

**IT IS FURTHER ORDERED** that to the extent defendant seeks relief under 42 U.S.C. § 1983 those claims are **DENIED AND DISMISSED.**

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this 23rd day of June, 2021.

									_____
									HENRY EDWARD AUTREY
									UNITED STATES DISTRICT JUDGE